IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

JOHNNY DAVIS, IV,

        Plaintiff,

    v.

CON-WAY FREIGHT INC.,
CON-WAY INC., CON-WAY
WESTERN EXPRESS,

        Defendants.

No. 3:14-cv-01389-HZ

OPINION & ORDER

Charese A. Rohny
CHARESE ROHNY LAW OFFICES
1515 S.W. Fifth Ave., Suite 1010
Portland, OR 97201

Mark Gillis McDougal
KAFOURY & MCDOUGAL
411 S.W. Second Ave., Suite 200
Portland, OR 97204

    Attorneys for Plaintiff

Margaret S. Fonberg
Paul C. Buchanan
BUCHANAN ANGELI ALTSCHUL SULLIVAN, LLP
321 S.W. Fourth Ave., Suite 600
Portland, OR 97204

1 - OPINION & ORDER

HERNÁNDEZ, District Judge:

On October 4, 2015, this Court granted summary judgment to Defendants Con-Way Freight Inc., Con-Way Inc., and Con-Way Western (collectively, "Defendants"), in this employment discrimination action brought by Plaintiff Johnny Davis, IV. Plaintiff alleged that Defendants discriminated against him because of his perceived or actual disability, in violation of ORS 659A.112. In addition, Plaintiff brought a claim of wrongful discharge, alleging that he was terminated for invoking his right to health care benefits. This Court found that Plaintiff failed to establish a *prima facie* case of disability discrimination and that his wrongful discharge claim was preempted by ERISA. Accordingly, the case was dismissed.

Defendants now seek costs from Plaintiff in the amount of $5,211.10. Plaintiff objects to the Bill of Costs in its entirety. For the reasons that follow, the Court awards Defendants' costs in part.

## STANDARD

Under Federal Rule of Civil Procedure 54, costs "should be allowed to the prevailing party." Fed. R. Civ. P. 54(d)(1). Rule 54 creates a presumption in favor of awarding costs to the prevailing party. E.g., Ass'n of Mexican–Am. Educators v. California, 231 F.3d 572, 592 (9th Cir. 2000). "[I]f a district court wishes to depart from that presumption, it must explain why so that the appellate court will be able to determine whether or not the trial court abused its discretion ... [and] explain why a case is not ordinary." Id. at 594 (internal quotation marks omitted). To rebut the presumption, the court may consider "the losing party's limited financial resources, misconduct on the part of the prevailing party . . . the importance and complexity of the issues, the merit of the plaintiff's case, . . . and the chilling effect on future . . . litigants of imposing high costs." Save Our Valley v. Sound Transit, 335 F.3d 932, 945 (9th Cir. 2003)

(citations omitted). The district court, however, "needs no affirmatively expressed reason to tax costs." Id. at 496. Rather, it need only conclude that the reasons advanced by the party bearing the burden—the losing party—are not sufficiently persuasive to overcome the presumption." Id.

Costs taxable under Rule 54(d) "are limited to those set forth in 28 U.S.C. §§ 1920 and 1821[.]" Twentieth Century Fox Film Corp. v. Entm't Distrib., 429 F.3d 869, 885 (9th Cir. 2005). Section 1920 lists the specific items a prevailing party may recover as costs:

> (1) Fees of the clerk and marshal;
> (2) Fees for printed or electronically recorded transcripts necessarily obtained for use in the case;
> (3) Fees and disbursements for printing and witnesses;
> (4) Fees for exemplification and the costs of making copies of any materials where the copies are necessarily obtained for use in the case;
> (5) Docket fees under section 1923 of this title;
> (6) Compensation of court appointed experts, compensation of interpreters, and salaries, fees, expenses, and costs of special interpretation services under section 1828 of this title.

28 U.S.C. § 1920(1)-(6). The district court retains broad discretion to decide how much to award, if anything. Padgett v. Loventhal, 706 F.3d 1205, 1209 (9th Cir. 2013); see also Arboireau v. Adidas Salomon AG, No. 01–105–ST, 2002 WL 31466564, at *4 (D. Or. June 14, 2002) (trial judge has "wide discretion" in awarding costs under Rule 54(d)(1)).

## DISCUSSION

### I.    Costs Generally

Plaintiff contends that Defendants' Bill of Costs should be denied in its entirety because Plaintiff litigated his claims in good faith, imposing $5,211.10 would cause an "enormous hardship" on Plaintiff, and imposing costs would have a chilling effect on other similarly situated people considering bringing claims of disability discrimination against large corporations like Defendants. Pl.'s Obj.3, ECF 61.

3 - OPINION & ORDER

The Court declines to waive the taxing of costs against Plaintiff. While the Court does not challenge Plaintiff's assertion that he litigated his claims in good faith, Plaintiff fails to demonstrate that imposing costs would cause an enormous hardship on Plaintiff or have a chilling effect on other similarly situated people. The Court considers the financial resources of a plaintiff and the amount of costs in civil rights cases. See <u>Stanley v. Univ. of S. California</u>, 178 F.3d 1069, 1079-80 (9th Cir. 1999) (explaining that "[i]ndigency is a factor that the district court may properly consider in deciding whether to award costs" and declining to tax $46,710.97 in costs against an unemployed party). However, it is "incumbent upon the losing party to demonstrate why the costs should not be awarded, <u>Stanley v. University of Southern California</u>, 178 F.3d 1069, 1079 (9th Cir. 1999).

Here, Plaintiff does not claim that he is indigent or that paying costs would render him indigent. The only evidence Plaintiff submits in support of his argument is a paystub showing a two-week period during May 2014 in which Plaintiff earned $1494.60. Rohny Decl. Ex. A, ECF 62-1. The only other information Plaintiff provides is the declaration of his counsel, unsupported by any other evidence, that the award of costs would "significantly cut into plaintiff's ability to pay his month-to-month financial obligations." Rohny Decl. 2, ECF 61. Counsel's declaration is insufficient to demonstrate that costs should not be awarded. Furthermore, because this Court reduces Defendants' requested costs by approximately 30% as discussed below, the Court finds even less support for the argument that imposing costs on Plaintiff would cause an enormous hardship.

As to the risk of creating a "chilling effect," Plaintiff provides no support for his conclusory statement that the imposition of costs would have a chilling effect on other prospective litigants and that corporations such as Defendants are "in a better financial position

4 - OPINION & ORDER

to bear the costs of litigation." See Pl.'s Obj. 4, ECF 61. Given that the claims and issues in this case were limited to the named parties and involved specific and particular facts related solely to those parties, the Court fails to see how awarding costs to Defendants will have a chilling effect on other people contemplating bringing disability discrimination lawsuits. Furthermore, the disparity in wealth between Plaintiff and Defendants is common in an employment discrimination action and cannot by itself form the basis to deny the award of costs. In sum, Plaintiff provides no basis for distinguishing this case from an "ordinary" case for which costs are properly allowed. See Ass'n. of Mexican–Am. Educators, 231 F.3d at 593.

## II.    Specific Costs

In addition to Plaintiff's general objections to awarding costs to Defendants, Plaintiff argues that Defendants fail to provide sufficient documentation or details to assess the necessity or reasonableness of the amounts claimed.[1]

Defendants submit additional invoices that provide sufficient detail to assess the reasonableness of the costs Defendants seek. The costs requested include the following: appearance fee, original transcript or e-transcript, copies of exhibits, exhibit scans, photocopies, appearance fee for videographer services, tabs, archive fee, and hand-delivery fee.

Several of these items are not recoverable under 28 U.S.C. §§ 1920. First, fees for delivery of depositions are not taxable. Adidas Am., Inc. v. Payless Shoesource, Inc., No. CIV.01-1655-KI, 2009 WL 302246, at *3 (D. Or. Feb. 9, 2009) (citing Smith v. Tenet Healthsystem SL, Inc., 436 F.3d 879, 889 (8th Cir. 2006). Second, appearance fees are not

---

[1] Defendants explain that it was an administrative error to include the depositions of Steve Johnson, Mark Gantenbein, and Jeff Turner in their list of itemized costs. Defs.' Reply 5, ECF 66. Defendants submit a corrected version of their Bill of Costs that removes the references to these three depositions. Buchanan Decl. Ex. B, ECF 67-2. Nevertheless, the $5,211.10 amount sought in the original Bill of Costs is correct, as it did not in fact include the costs of these depositions.

5 - OPINION & ORDER

taxable. <u>Earp v. Multnomah Cty. Health Dep't</u>, No. CIV 08-1217-KI, 2010 WL 143661, at *5 (D. Or. Jan. 7, 2010) (citing <u>Bosse v. Napolitano</u>, 337 F. App'x 633, 636-7 (9th Cir. 2009). Third, Defendants do not explain what "tabs" or "archive" fees are or why they were reasonably necessary to the depositions for which they request costs. Finally, Defendants fail to explain why videography costs were incurred. While the demeanor of any witness in a case is important, this does "not automatically convert a videographer's fee into a recoverable item of cost where a court reporter also attended and transcribed the deposition." <u>Pullela v. Intel Corp.</u>, No. CV 08-1427-AC, 2010 WL 3361089, at *3 (D. Or. Aug. 25, 2010) <u>aff'd,</u> 467 F. App'x 553 (9th Cir. 2012); <u>see also</u> <u>Davico v. Glaxosmithkline Pharmaceuticals</u>, CV No. 05–6052–TC, 2008 WL 624049, at *2 (D. Or. Jan. 23, 2008) ("In short, if a party wishes to videotape a deposition that is not a perpetuation deposition, it may certainly do so at its own expense, but this court is not going to pass on what it views to be an unnecessary expense to the other party by awarding such in a bill of costs.").

For the reasons explained above, the Court deducts the following costs from Defendants' Bill of Costs:

1. $997.50— videographer costs
2. $550—appearance fees
3. $4.50—tabs
4. $21.00—delivery fees
5. $63—archive fees

These costs amount to a total of $1636.00. Accordingly, the remaining amount that the Court awards to Defendants is $3575.10.

///

6 - OPINION & ORDER

## CONCLUSION

Defendant's Bill of Costs [60] is granted in part, in the amount of $3575.10.

IT IS SO ORDERED.

Dated this \_\_\_\_2\_\_\_\_ day of \_\_\_\_Dec._____, 2015.

_____
MARCO A. HERNÁNDEZ
United States District Judge

7 - OPINION & ORDER